IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>G.D. LEWIS, et al.,<br><br>　　　　Defendants. | No. C 11-2034 JSW (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DENYING PENDING MOTIONS**<br><br>(Docket Nos. 20, 21, 24) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against a number of officials at Pelican Bay State Prison, where Plaintiff is incarcerated. The complaint was dismissed with leave to amend, and Plaintiff timely amended. The Court now reviews the amended complaint and dismisses it in part and orders it served upon certain defendants. Plaintiff's pending motions are DENIED.

## DISCUSSION

**I.　Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.     Plaintiff's Claims

2

Plaintiff is a Mexican national and a descendant of the "Uto-Aztecan" native people of Mexico. He alleges that prison officials prohibit his creation of murals and drawings depicting native Mexican religious and cultural symbols in collaboration with other inmates. Defendants Silveira, Brandon and Rosenberg authorized or imposed disciplinary sanctions upon Plaintiff for attempting to mail these drawings to relatives. Prison officials believe the drawings depict gang symbols and as such are deemed contraband. The disciplinary sanctions include the loss of good time credits and the denial of parole. Pursuant to a program implemented by Defendants Milligan and Pimentel, Plaintiff and other validated gang members housed in the "short corridor" of the Secured Housing Unit, were be disciplined with the use of "CDC 128-B" forms instead of "CDC 115" forms. He alleges that the 128-B forms afford fewer procedural protections than the 115s. Plaintiff filed administrative appeals challenging these practices and policies, which appeals were denied by defendants G. Wise, McGuyer, Bradbury, Barneberg, Jacquez, and Cate.

1. Discrimination

Plaintiff's claim that he is being subject to discrimination based upon his race and religion insofar as members of other religions are allowed to possess and depict their religious symbols, including the Christian cross, the Jewish Star of David, and the Muslim crescent moon, is, when liberally construed, a cognizable claim for the violation of the Equal Protection Clause.

2. Religion, First Amendment, and Due Process

Plaintiff's claim that defendants are interfering with his practice of religion because the joint collaboration of murals and artwork, the possession of symbols of the native Mexican religions, and the mailing of his murals and artwork to his relatives, are part of his sincere practice of his religious beliefs, is, when liberally construed, a cognizable claim for interference with his rights under the Religious Land Use of

3

Incarcerated Persons Act ("RLUIPA"), his rights under the First Amendment to freely exercise his religion and to send and receive mail, and his due process rights to the possession of personal property and to familial relationships.

### 3. Disciplinary Sanctions

Plaintiff's claims challenging the disciplinary sanctions imposed upon him and the allegedly insufficient process provided in imposing such sanctions are not, even liberally construed, cognizable. Plaintiff alleges that as a result of the discipline he has lost good time credits and been denied parole. Claims challenging the loss of good time credits or the denial of parole affect the duration of his confinement and as such are properly brought in a habeas petition, not in a civil rights action. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989); *see also Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). Moreover, Plaintiff may not obtain money damages for the allegedly unlawful disciplinary sanctions that include the loss of time credits until and unless the sanctions have been dismissed, invalidated or expunged on appeal or on collateral review. *See . Edwards v. Balisok*, 520 U.S. 641, 645 (1997); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996). Consequently, the claims relating to Plaintiff's discipline will be dismissed without prejudice to re-raising in the proper form and at the proper time.

### 4. Supervisor Defendants

Plaintiff also alleges that defendants Cate, Jacquez, Lewis, Wise, McGuyer, Bradbury, and Nimrod are supervisors of the other Defendants. He alleges that they "personally and actively have, and/or continue to implement, enforce, approve of, condone, and/or encourage" policies and practices that led to the constitutional violations

described above.

"In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, supervisor defendants are entitled to qualified immunity on claims that are based upon "bald" or "conclusory" allegations because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrongs. *Iqbal*, 129 S. Ct. at 1948-52; *cf. Hydrick v. Hunter*, No. 03-56712, slip op. 280, 289 (9th Cir. Jan. 12, 2012) (allowing injunctive and declaratory relief claims to proceed because qualified immunity not applicable to such forms of relief).

Plaintiff has alleged the specific policies that the supervisor defendants are alleged to have wrongfully implemented – the so-called "short corridor program" and the regulations against gang activities – that led to the cognizable constitutional violations of their subordinates described above. *See id.* at 288-89 (plaintiff must allege "a *specific* policy" or "a *specific* event" instigated by supervisors) (emphasis in original). He has also alleged the personal participation of Defendants Wise, McGuyer, Bradbury, Barneberg, Jacquez and Cate in implementing or enforcing such policies insofar as they are alleged to have denied his administrative appeals challenging the practice and policy

5

of prohibiting his religious artwork. He has not, however, alleged how Defendants Lewis and Nimrod personally participated any of the policies or practices that led to the alleged constitutional violations. Lumping them together with the other supervisor defendants without alleging what each of them personally did is insufficient to state a cognizable claim against them under *Iqbal*. Consequently, the claims against Lewis and Nimrod will be dismissed, but the claims against the other supervisor defendants are, when liberally construed, cognizable.

C. Motions

Plaintiff has filed a motion for leave to file a motion for reconsideration and a motion for reconsideration of the dismissal of his original complaint with leave to amend. This is his third motion for reconsideration of the same order in which he argues that he and other inmates should be able to proceed as joint pro se plaintiffs and as a pro se class action. Plaintiff has also filed a motion for class certification. For the reasons set forth in the orders denying the prior two motions for reconsideration and the order dismissing his complaint with leave to amend, the present motions are DENIED. No further motions for reconsideration of the order dismissing the original complaint with leave to amend, or any other motions or arguments seeking to proceed jointly with other pro se plaintiffs or as a pro se class action, will be considered.

Plaintiff has also filed a motion for "appointment" of an attorney, Peter Schey of the Center for Human Rights and Constitutional Law in Los Angeles, as "class counsel." Plaintiff indicates that Mr. Schey has agreed to such representation. To begin with, there has been no class certified in this case. Mr. Schey will not be "appointed." If Mr. Schey wants to represent Plaintiff, he may do so by filing a motion for substitution of counsel signed by him and Plaintiff.

//

//

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's claims challenging the policies and actions of Defendants Brandon, Rosenberg, Silveira, Pimentel, Milligan, Cate, Jacquez, Wise, McGuyer, Bradbury, and Barneburg for violating his rights under the Equal Protections Clause, RLUIPA, the First Amendment, and to due process are cognizable. The claims challenging the disciplinary sanctions imposed upon him and the forms and procedures used to impose such sanctions are DISMISSED without prejudice. The claims against Defendants Lewis, Nimrod, and Tileston[1] are DISMISSED.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and all attachments thereto, and a copy of this order upon Defendants: **Director Matthew Cate, Former Warden Francisco Jacquez, Lieutenant G. H. Wise, Captain K. L. McGuyer, Associate Warden D. Bradbury, Captain K. Brandon, Lieutenant D. Barneburg, Correctional Officer A. Rosenberg, Correctional Officer J. Silveira, Correctional Officer G. Pimentel, and Correctional Officer D. Milligan,** at **Pelican Bay State Prison**.

<u>The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.</u>

The Clerk shall also serve a copy of this order on Plaintiff.

3. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **ninety (90) days** from the date this order is filed, Defendants shall either file a motion for summary judgment or other dispositive motion,

---

[1] Tileston is listed among the named defendants, but no claims are made against him.

7

or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Extensions of time are not favored, though reasonable extensions will be

granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. The motions for leave to file a reconsideration motion, for reconsideration, for class certification and for appointment of counsel (docket numbers 20, 21, 24) are DENIED.

IT IS SO ORDERED.

DATED: February 1, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

S. ALVAREZ et al,

        Plaintiff,

v.

G.D. LEWIS et al,

        Defendant.

Case Number: CV11-02034 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 1, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sergio Alvarez K42605
PO Box 7500
C6-115
Crescent City, CA 95532-7500

Dated: February 1, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.