IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERGIO ALVAREZ,

    Plaintiff,

v.

MATTHEW CATE, et al.,

    Defendants.

                               /

No. C 11-02034 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

      Now before the Court is Defendants' motion for leave to file a motion for reconsideration. Under Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

      In large part, Defendants' motion for leave is premised upon the argument that they now have new evidence obtained since Plaintiff obtained counsel. However, Defendants have not shown that they could not have obtained this purported new evidence earlier. Defendants have

always had access to the knowledge of their own employees and information contained within their own files. To the extent the evidence stems from Plaintiff's purported admissions, Defendants have not shown that they were prevented from deposing Plaintiff earlier. Therefore, Defendants have not shown that there are new facts that they could not have presented to the Court earlier if they had exercised reasonable diligence before moving for summary judgment.

Moreover, to the extent Defendants rely on *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014), to show there has been a change in law warranting reconsideration, their reliance is misplaced. In *Peralta*, the Ninth Circuit held, based on the facts of that case, that there was no evidence of the requisite subjective intent by an employee who signed a second-level appeal of the plaintiff's claims. The court noted that although the employee supervised the dental department, he was not a dentist himself, and he did not independently review the plaintiff's dental related medical claims or read his chart before signing off on the appeal. *Id*. at 1086. *Peralta* does not stand for the legal proposition that reviewing an inmate's administrative appeal is never sufficient to show the requisite subjective intent.

Defendants also argue that Plaintiff's claim under the Religious Land Use of Institutionalized Persons Act ("RLUIPA") fails as a matter of law because the Ninth Circuit recently ruled that an individual cannot be sued in his or her individual capacity for damages. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). However, the court in *Wood* analyzed RLUIPA under the Spending Clause of the United States Constitution. In *Cotton v. Cate*, the Ninth Circuit stated that "[t]here is a chance that, if invoked under the Commerce Clause, RLUIPA would support [the plaintiff's] claim." *Cotton v. Cate*, --- Fed. Appx. ---, 2014 WL 2696738, *1 (9th Cir. 2014). The Court will provide Defendants leave to file a motion for reconsideration on the limited issue of whether Plaintiff's claim under RLUIPA fails as a matter of law pursuant to *Wood*. The Court denies the remainder of Defendants' motion for leave to file a motion for reconsideration.

Defendants shall file their motion for reconsideration by no later than September 23, 2014. Plaintiff's opposition shall be filed by no later than October 3, 2014. Defendants' reply,

2

if any, shall be filed by no later than October 10, 2014. The Court will hear the motion for reconsideration on October 31, 2014.

**IT IS SO ORDERED.**

Dated: September 5, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE